NOTICE
Decision filed 04/29/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240732-U

NO. 5-24-0732

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Christian County. |
| | ) | |
| v. | ) | No. 17-CF-100 |
| | ) | |
| QUINTON L. MORRISSEY, | ) | Honorable |
| | ) | Christopher W. Matoush, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE McHANEY delivered the judgment of the court.
Justices Moore and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err in dismissing the defendant's motion to correct the mittimus to have his mandatorily consecutive sentences run concurrently. The sentencing law at issue was amended after the entry of his guilty plea to make consecutive sentencing permissive, rather than mandatory. However, the amendment does not apply retroactively to the defendant's case. As any arguments to the contrary would lack merit, we grant the defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant Quinton L. Morrissey pled guilty to second degree murder and aggravated battery of a police officer in two separate cases. He received consecutive sentences of 20 and 7 years, respectively, as mandated by statute at the time of sentencing. The law was subsequently changed to make consecutive sentencing under the relevant circumstances permissive, rather than mandatory. Morrissey filed a motion to correct the mittimus to have his sentences run concurrently,

based on the change to the sentencing law. The circuit court denied the motion, and Morrissey filed a notice of appeal.

¶ 3    Morrissey's appointed attorney in this appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks substantial merit. On that basis, OSAD has filed a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), along with a memorandum of law in support of that motion.

¶ 4    OSAD gave proper notice to Morrissey. This court gave him an opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw as counsel, or why this appeal has merit, but he has not done so. This court has examined OSAD's *Finley* motion and the accompanying memorandum of law, as well as the entire record on appeal, and has concluded that this appeal does indeed lack merit. Accordingly, OSAD is granted leave to withdraw as counsel, and we affirm the circuit court's judgment.

¶ 5                                    BACKGROUND

¶ 6    In the underlying criminal case, Morrissey was charged with aggravated battery, first degree murder, and second degree murder. He entered into a negotiated plea agreement on September 13, 2019, in which he would plead guilty to second degree murder in exchange for a 20-year sentence. At the same time, Morrissey pled guilty to aggravated battery of a police officer in Christian County case No. 19-CF-47, for an agreed-upon sentence of seven years in prison. The factual basis for the latter case was that, while an inmate at Christian County Correctional Center, Morrissey hit a correctional officer with fluid that Morrissey claimed was urine.

¶ 7    At the time of the plea agreement section 5-8-4(d)(8) of the Unified Code of Corrections provided that "[i]f a person charged with a felony commits a separate felony while on pretrial release or in pretrial detention in a county jail facility or county detention facility, then the

2

sentences imposed upon conviction of these felonies shall be served consecutively regardless of the order in which the judgments of conviction are entered." 730 ILCS 5/5-8-4(d)(8) (West 2018). Morrissey did not seek to withdraw either guilty plea.

¶ 8    On December 11, 2023, Morrissey filed a *pro se* motion to correct the mittimus in the underlying criminal case based on "House Bill 3653 implemented on September 18, 2023." He alleged that the new law abolished mandatory consecutive sentencing and applied retroactively and that he was therefore eligible to have his two sentences converted to run concurrently. The circuit court denied Morrissey's motion on May 14, 2024, noting that there was no indication in the amendment of the statute that this change should apply retroactively.

¶ 9    Morrissey filed a notice of appeal on June 11, 2024. The court appointed OSAD as his appellate counsel. OSAD now moves to withdraw as counsel.

¶ 10                                 ANALYSIS

¶ 11    OSAD has considered raising the following potential issue on Morrissey's behalf on appeal:

> "Whether Quinton Morrissey raised a valid claim that the statutory change making consecutive sentences permissive, where a defendant committed a separate felony while in pretrial detention in a county jail, applied retroactively to his sentences."

OSAD has determined that this issue would be without arguable merit, and the circuit court properly denied Morrissey's motion to correct the mittimus. As we agree with counsel's assessment, we grant OSAD leave to withdraw.

¶ 12    In 2019, Morrissey pled guilty in the underlying case and in case No. 19-CF-47. In 2022, the legislature amended section 5-8-4 to, *inter alia*, strike subsection (d)(8), removing the requirement that a consecutive sentence was mandatory if the defendant committed a separate

3

felony while in pretrial detention in a county jail. Pub. Act 102-1104, § 90 (eff. Dec. 6, 2022) (amending 730 ILCS 5/5-8-4). The legislature also added a new subsection (c)(3), that:

> "If a person charged with a felony commits a separate felony while on pretrial release or in pretrial detention in a county jail facility or county detention facility, then the sentences imposed upon conviction of these felonies *may* be served consecutively regardless of the order in which the judgments of conviction are entered." (Emphasis added.) 730 ILCS 5/5-8-4(c)(3) (West 2022).

¶ 13 Following the well-established rules of statutory construction, we find that the plain and ordinary meaning of the amended language is unambiguous, and the legislature's intent is clear—with the 2022 amendment, consecutive sentences under the facts present in this case were no longer mandatory, but permissive. *Moore v. Green*, 219 Ill. 2d 470, 479 (2006). However, nothing in the statutory language indicates whether the change was intended to apply retroactively to formerly mandatory consecutive sentences such as Morrissey's.

¶ 14 In determining whether a statute applies retroactively, "we first ask whether the legislature has clearly indicated the statute's temporal reach. If so, and assuming no constitutional prohibition, the legislature's intent will be given effect." *People v. Hunter*, 2017 IL 121306, ¶ 20. If the legislature did not make its intent clear, we must determine whether the statute has a retroactive impact, meaning whether it " 'would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.' " *Id.* (quoting *People ex rel. Alvarez v. Howard*, 2016 IL 120729, ¶ 19). If there is no retroactive impact, we may apply the amendment retroactively; if there is, we presume that the legislature intended the amendment to be strictly prospective. *Howard*, 2016 IL 120729, ¶ 19.

¶ 15 As our supreme court explained in *Hunter* and *Howard*, if the legislature's intent was not clear, we turn to section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2022)) for guidance. *Hunter*, 2017 IL 121306, ¶ 21 (citing *Howard*, 2016 IL 120729, ¶ 20). It states, in relevant part,

4

"If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect." 5 ILCS 70/4 (West 2022). Section 4 is a general savings clause, which our supreme court has interpreted "as meaning that procedural changes to statutes will be applied retroactively, while substantive changes are prospective only." *Howard*, 2016 IL 120729, ¶ 20.

¶ 16     In *Howard*, the supreme court applied the section 4 analysis to an amendment to section 5-130(1)(a) of the Juvenile Court Act of 1987 (705 ILCS 405/5-130(1)(a) (West 2014)), impacting whether a defendant is tried in juvenile or criminal court, and found it to be a purely procedural matter. *Id.* ¶¶ 21, 28. The court determined that, in the absence of a constitutional impediment to retroactive application, the amendment applied retroactively to the defendant's case. *Id.* ¶¶ 28, 35.

¶ 17     By contrast, in *Hunter*, the supreme court concluded that newly-added juvenile sentencing provisions that gave courts discretion not to impose otherwise mandatory firearm enhancements would have mitigated the defendants' punishments by reducing the low end of their sentencing ranges, and therefore did not apply retroactively to the defendants' cases, where the defendants were sentenced prior to the new provisions taking effect. *Hunter*, 2017 IL 121306, ¶¶ 45, 53-56. Our courts have similarly determined that amendments to sentencing laws did not apply retroactively, based on their mitigatory potential on a defendant's sentence. *People v. Larke*, 2018 IL App (3d) 160253, ¶¶ 26, 30 (amendment to Class X enhancement of delivery of a controlled substance near school, lowering the requisite proximity to a protected area from 1,000 feet to 500 feet, did not apply retroactively to mitigate defendant's sentence where his sentencing and appeal occurred after the amendment took effect).

¶ 18     In the present matter, Morrissey's sentence was imposed well before the change to the mandatory consecutive sentencing statute. Furthermore, the amendment could have mitigated his

5

sentence by making him eligible for concurrent sentencing, potentially reducing the number of years spent in prison. Therefore, we agree with OSAD that the legislature's 2022 amendment to the mandatory consecutive sentencing provision of section 5-8-4 did not apply retroactively, and any argument to the contrary would lack merit.

¶ 19                                    CONCLUSION

¶ 20     As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and we affirm the circuit court's judgment.


¶ 21     Motion granted; judgment affirmed.